UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Doral Bank,**<br><br>Plaintiffs/Counter Defendant.<br><br>v.<br><br>**JORGE E. PASCUAL GARZON, et al.,**<br><br>Defendants/Counterclaimants. | CIVIL NO. 15-1606 (PAD) |

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge.

On June 8, 2012, Doral Bank initiated this action against Jorge Enrique Pascual Garzón, Ketty Jannete Ramírez Vilanova, and their conjugal partnership for collection of monies and foreclosure in the Bayamon Part of the Puerto Rico Court of First Instance (Docket No. 8, Exh. 1).[1] On February 27, 2015, while the action was pending, the Office of the Commissioner of Financial Institutions of Puerto Rico closed Doral and appointed the FDIC as Doral's receiver.

On May 19, 2015, the FDIC-R removed the action to this court under 12 U.S.C. § 819(b)(2)(B) and 28 U.S.C. § 1442(a)(1) (Docket No. 1 at p. 2). Before the court is the FDIC-R's "Motion to Dismiss Defendant's Counterclaim for Lack of Subject Matter Jurisdiction" (Docket No. 11). The motion remains unopposed.[2] For the reasons explained below, the FDIC-R's motion

---

[1] Although the certified translation of the complaint attached in support of the motion to dismiss states the complaint was filed in state court on June 9, 2012, it is clear from the documents submitted (which include copy of the Spanish version of the complaint), that it was filed on June 8, 2012 (Docket No. 1, Exh. 1 at p. 1).

[2] In fact, to date, the plaintiffs/counter-claimants have not appeared. An order for their state court attorney, Isamar B. Marichal-Morales, to inform whether she will represent them in this case was entered (Docket No. 14). The order was also notified by email. But the mail was returned as undeliverable (Docket No. 15).

is GRANTED and the defendant's counterclaim is DISMISSED. The foreclosure action is dismissed without prejudice of the new holder's reopening the state court case to prosecute said claim.

## I.   STANDARD OF REVIEW

Pursuant to Fed.R.Civ.P. 12(b)(1), a party may seek dismissal of an action for lack of subject matter jurisdiction. When a district court considers a Rule 12(b)(1) motion, it must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor. See, Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010)(citing Valentin v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001). If it appears to the court at any time that subject matter jurisdiction is lacking, it must dismiss the action. Fed.R.Civ.P. 12(h)(3); McCulloch v. Vélez, 364 F.3d 1, 5 (1st Cir. 2004).

A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate it. Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996); Prestige Capital Corp. v. Pipeliners of Puerto Rico, Inc., 849 F.Supp.2d 240 (D.P.R. 2012). The court may consider extrinsic materials in the process of evaluating a motion to dismiss under Rule 12(b)(1). Dynamic Image Technologies, Inc. v. U.S., 221 F.3d 34, 37 (1st Cir. 2000).

## II.   DISCUSSION

The Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA") provides that when the FDIC is acting as a conservator or receiver, it succeeds the insured depository institution as to all of its rights, titles, powers, privileges and assets. 12 U.S.C. § 1821(d)(2)(A)(i). Additionally, it establishes a mandatory administrative claims process, which must be exhausted by every claimant seeking payment from the assets of the affected institution. 12 U.S.C. §

1821(d)(13)(D). The administrative claims process, set forth in 12 U.S.C. §§ 1821(d)(3)-(13), requires that all claims be submitted to the FDIC by a date established by the receiver. Rodriguez v. F.D.I.C., No. 10-1656, 2011 WL 4529929, at *3 (D.P.R. September 27, 2011). Compliance with and exhaustion of the administrative procedure is mandatory. See, Marquis v. F.D.I.C., 965 F.2d 1148, 1151 (1st Cir. 1992)(so stating).

With this background, the FDIC-R published notice to potential creditors and depositors of Doral in various local newspapers informing that Doral had been closed, and any claim against the FDIC-R had to be filed with that institution no later than June 4, 2015 (Docket No. 11 at p. 2). The FDIC-R also sent plaintiff a letter on May 14, 2015, indicating the bar date (Docket No. 11, Exh. 1). The letter included instructions on how to complete the Proof of Claim Form; provided the address to which the document should be sent; and forewarned that failure to file any such claim before the Claims Bar Date would result in the final disallowance of the claim. Id.

Notwithstanding the foregoing, the counterclaimants failed to submit the corresponding claims with the FDIC-R, such that they failed to comply with the administrative procedure set in 12 U.S.C. § 1821. Therefore, the court lacks subject-matter jurisdiction to entertain its claims against the FDIC-R. See, Simon v. F.D.I.C., 48 F.3d 53, 56 (1st Cir. 1995) (holding that "[f]ailure to comply with the [administrative claims review process] deprives the courts of subject matter jurisdiction over any claim to assets of the failed financial institution").

### III. CONCLUSION

The FDIC-R's motion is GRANTED and the defendant's counterclaim is dismissed. The foreclosure action is dismissed without prejudice of the new note holder's reopening the state court case to prosecute said action.

FDIC-R v. Pascual-Garzón, *et al.*
Civil No. 15-1606 (PAD)
Memorandum and Order
Page 4

**SO ORDERED.**

In San Juan, Puerto Rico, this 15th day of June, 2016.

                                            S/Pedro A. Delgado-Hernández
                                            PEDRO A. DELGADO-HERNÁNDEZ
                                            United States District Judge